[No. 64248-6. En Banc.]
Considered November 12, 1996. Decided January 16, 1997.

EUGENE FAIRBANKS, ET AL., *Petitioners* v. J.B. McLOUGHLIN COMPANY, INC., *Respondent.*

*Kurt Lichtenberg,* for petitioners.
*Brenda L. Hunt,* for respondent.

PER CURIAM. — Carolee Fairbanks was injured in a car accident caused by an intoxicated J.B. McLoughlin Company employee who had earlier attended a company banquet. The trial court dismissed her vicarious liability and negligent furnishing claims on summary judgment and the Court of Appeals affirmed. Finding a genuine issue of fact as to whether the employee drank to intoxication at the banquet, we reverse.

Ann Neely, a J.B. McLoughlin property manager, attended the 1990 company Christmas banquet and presented awards to several employees. The banquet was held at one of the McLoughlin properties in Redmond. McLoughlin provided food, wine, and champagne for the guests. In her deposition, Neely testified that she arrived

at the party about 7:00 p.m. and left between 10:00 p.m. and 10:30 p.m. She later submitted an affidavit stating that she left around 10:00 p.m., however. Neely claimed that she drank only two glasses of champagne at the banquet and denied becoming intoxicated. She also testified that she drinks socially about once every other month.

At about 10:50 p.m., Neely hit Fairbanks' car from the rear at a stoplight in the Eastgate area, injuring Fairbanks. Shortly after 11:00 p.m., Bellevue Police Officer David Asheim arrived at the scene. He smelled alcohol on Neely's breath, noted that her speech was slurred, and asked her if she had been drinking. She responded that she had two glasses of wine at a company Christmas party. Asheim noted that Neely stumbled as she got out of the car and staggered when she walked. He administered field sobriety tests and arrested her for driving under the influence. A breathalyzer test, performed about an hour later, showed Neely's blood-alcohol level at .17.

Fairbanks settled with Neely and her insurer and sued McLoughlin, alleging negligent furnishing of alcohol and vicarious liability causes of action. Neely then declared for the first time that she had met several other employees for drinks at the Empress of China lounge after leaving the banquet. She claimed that she had two or three cognacs and left the lounge at 10:45 p.m. Neely testified in deposition that the Empress of China lounge is 10 to 15 minutes from the banquet site. Fairbanks then amended her complaint naming the Empress of China as an additional defendant. That claim has also been settled.

McLoughlin moved for summary judgment contending that Fairbanks had failed to produce sufficient evidence that Neely became intoxicated at the banquet. In support of its motion, McLoughlin produced declarations from three employees who had been at the banquet. Maureen Chandler declared that at about 9:00 p.m., Neely gave a clear and succinct speech and presented her with an Employee of the Year award. Neely hugged Chandler when she gave her the award and Chandler did not smell any

alcohol on her breath or notice any sign that she was intoxicated. Fran Billings, McLoughlin's Controller Treasurer, declared that she was in charge of the banquet and that she recalled being embarrassed because the champagne ran out well before the end of the evening. Billings watched Neely present awards and did not notice any sign that she was intoxicated. Sandi Repetowski, McLoughlin's Executive Vice President, also declared that he did not notice Neely acting intoxicated at any point during the evening. McLoughlin also submitted Neely's declaration that she had additional drinks at the Empress of China after leaving the banquet.

In opposition to the motion, Fairbanks produced the deposition testimony of Empress of China owner Judy Lan. Lan testified that the Empress of China closes at 10:00 p.m. The bar mainly serves the restaurant and rarely has more than a few customers during the entire night so that it would have been unusual to serve a group the size of Neely's. Lan worked until closing on the night of the accident and periodically checked the bar while making her rounds. She did not recall seeing any large group in the lounge that night, and her records show that the bar receipts, including soda pop, totaled only $150 for the entire day. Fairbanks also produced Officer Asheim's police report and declaration.

The trial court granted McLoughlin's motion for summary judgment on both of Fairbanks' theories of liability. The Court of Appeals affirmed in an unpublished opinion. We reverse.

■ *Vicarious Liability.* A plaintiff seeking recovery from a banquet-hosting employer under a respondeat superior theory of liability must prove the following:

> 1. The employee consumed alcohol at a party hosted by the employer which was held to further the employer's interest in some way and at which the employee's presence was requested or impliedly or expressly required by the employer.

> 2. The employee negligently consumed alcohol to the point of intoxication when he knew or should have known he would

need to operate a vehicle on some public highway upon leaving the banquet.

3. The employee caused the accident while driving from the banquet.

4. The proximate cause of the accident, the intoxication, occurred at the time the employee negligently consumed the alcohol.

*Dickinson v. Edwards,* 105 Wn.2d 457, 468, 716 P.2d 814 (1986).

McLoughlin concedes that the banquet furthered its interest and that Neely's presence was required. The issue is whether Fairbanks submitted evidence sufficient to create a factual dispute as to whether Neely consumed alcohol to the point of intoxication at the banquet.

It is undisputed that Neely was intoxicated at the time of the accident. Whether proof that she was intoxicated at the time of the accident is sufficient to show that she became intoxicated at the banquet depends on whether she could have consumed additional alcohol after leaving. Fairbanks contends that her evidence supports an inference that Neely could not have gone to the Empress of China as claimed and that she is entitled to the benefit of this inference on summary judgment. The Court of Appeals recognized that the "question Fairbanks poses exists," but held that her evidence was "simply too weak to supply the necessary inference that [Neely] was lying . . . ." *Fairbanks v. J.B. McLoughlin Co.,* No. 35893-6-I, slip op. at 9 (Wash. Ct. App. May 13, 1996). We disagree.

In reviewing summary judgment, we engage in the same inquiry as the trial court. We must accept Fairbanks' evidence as true and must consider all the facts and all reasonable inferences therefrom in the light most favorable to her. *Dickinson v. Edwards,* 105 Wn.2d at 461. An inference is " ' "[a] process of reasoning by which a fact or proposition sought to be established is deduced as a *logical consequence* from other facts, or a state of facts, already proved or admitted." ' " *Id.* at 461 (quoting *Shelby v. Keck,*

85 Wn.2d 911, 914-15, 541 P.2d 365 (1975) (quoting BLACK's LAW DICTIONARY 917 (4th ed. 1968))). It is not the court's function to resolve existing factual issues, nor can the court resolve a genuine issue of credibility such as is raised by reasonable contradictory or impeaching evidence. *Id.*

Lan's testimony that the Empress of China lounge closes at 10:00 p.m. is sufficient to raise an issue as to whether Neely could have had three drinks there after 10:00 p.m. as she claims. It is clearly reasonable to infer that a business closes at its regular time on any given night and that it does not serve customers after closing. The time frame evidence also suggests that Neely did not stop for drinks after the banquet. Neely testified that she left the party between 10:00 and 10:30 p.m., that it is a 10 to 15 minute drive from the banquet to the restaurant, and that she left the restaurant at about 10:45. A reasonable jury could choose to believe her testimony that she did not leave the banquet until 10:30 p.m., in which case she would have almost had to hurry to the scene of the accident in order to arrive there in time to hit Fairbanks' car at 10:50 p.m. Even if Neely left at 10:00 p.m., she would have had barely one half an hour to drink two to three cognacs. This could seem implausible to a jury. The fact that Neely did not tell anyone she had been to the restaurant until after Fairbanks sued her employer further calls her credibility into question. Based on this evidence, a reasonable jury could choose not to believe that Neely stopped at the Empress of China.[1] If she did not stop there, then a reasonable jury could conclude that she must have drunk to intoxication at the banquet.

■ *Negligent Furnishing of Alcohol.* To establish a cause of action for negligent furnishing of alcohol, a plaintiff must show that the defendant furnished alcohol to a person who was "obviously intoxicated," helpless, or in a special relationship to the furnisher of the intoxicants.

---

[1]We also note that McLoughlin has not submitted any affidavits from Neely's companions confirming her assertion that they met for drinks after the banquet at the Empress of China.

*Dickinson v. Edwards,* 105 Wn.2d at 461. Summary judgment on a claim of negligent furnishing is appropriate if the pleadings, affidavits, and depositions before the trial court demonstrate that there is no genuine factual issue as to whether the drinker was "obviously intoxicated" when she was last furnished the liquor. *Dickinson,* 105 Wn.2d at 461.

 McLoughlin relies on the affidavits from those attending the banquet which uniformly state that Neely did not appear intoxicated. Nonetheless, Neely appeared obviously intoxicated to both Fairbanks and to Officer Asheim. Officer Asheim in particular noted that she smelled of alcohol, slurred her speech, stumbled as she got out of the car, and staggered when she walked. A police officer's subjective observation that the employee was obviously intoxicated shortly after leaving the banquet may raise an inference that she was obviously intoxicated when the employer served her, provided that the employee did not consume any alcohol after leaving the banquet and provided that no time remains unaccounted for between the banquet and the subsequent observation. *Dickinson,* 105 Wn.2d at 464. Because a reasonable jury could find based on Neely's own testimony that she left the banquet at 10:30 p.m. and was involved in the accident just 20 minutes later, Fairbanks' and Officer Asheim's observations were sufficient to raise a factual issue as to whether she was obviously intoxicated at the banquet.

We reverse the summary judgment dismissal of Fairbanks' vicarious liability and negligent furnishing causes of action and remand for further proceedings consistent with this opinion.

Reconsideration denied February 20, 1997.